MARC JAY BERN
Napoli, Bern, Ripka, LLP
350 Fifth Avenue, Suite 7413
New York, NY 10118


JACOB SHISHA
Tabak, Mellusi & Shisha LLP
29 Broadway, Suite 2311
New York, NY 10006

ATTORNEYS FOR NINA AND LEE RUNSDORF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In the Matter of the Complaint
Of ANDREW HARNETT                                              Docket No.: 06-cv-0699
(LMM)
In the Matter of Peter J.
Sharp Boathouse, Inc.                                          Docket No.: 06-cv-3061
(LMM)

In the Matter of New York Rowing
Association, Inc.                                              Docket No.: 06-cv-3062
(LMM)

And a forth related case


-------------------------------------------------------------X


RUNSDORF CLAIMANTS' RESPONSE TO STATEMENT OF UNDISPUTED
MATERIAL FACTS ON OF NEW YORK ROWING ASSOCIATION, INC, and
PETER J. SHARP BOATHOUSE, INC. AND COUNTER STATEMENT OF
DISPUTED FACTS PURSUANT TO RULE 56.1

Nina and Lee Runsdorf, ("Runsdorf") as Co-Executors of the Estate of Jim Runsdorf respond to Peter J. Sharp Boathouse, Inc. and New York Rowing Association,

Inc.'s Rule 56.1 Statement of Undisputed Material Facts and provide a Counter Statement of Disputed Facts as follows:

38. Stephen W. Shulman, a certified public accountant in the Litigation, Forensic and Valuation Services Group at Anchin, Block & Anchin. LLP., was retained by the Death Claimants as a financial expert. Mr. Shulaman authored a report in which he claims that based on the distributions and fees Jim Runsdorf received in the five years prior to his death, and after discounting for certain taxes, personal consumption and reductions to present value, the Runsdorf claimants are entitled to an award in the range of $20.4 million. (Exhibit J, ¶1162). *Admit.*

39. Jim Runsdorf's on-again, off-again business colleague, Ken Cohen, provided a summary of his ventures with Jim Runsdorf. (Exhibit K). *Admit; except deny characterization of "on-again, off-again".*

40. Mr. Cohen's summary indicates that any business deals Jim Runsdorf was involved in were tentative, and subject to market conditions and other factors which beyond the control of the business partnerships and ventures of which Jim Runsdorf was a part. (Exhibit K). *Admit.*

41. The majority of Mr. Shulman's opinion is based on documents produced by the Runsdorf claimants in anticipation of mediation on the matter in October 2008. (Exhibit J). *Claimants cannot admit or deny as we were not counsel to the Claimants on October 2008.*

42. Mr. Shulman does not cite any tax returns or financial documents that were filed after 2006 and it is not clear whether he reviewed documentation filed after 2006. (Exhibit J). *Admit.*

43. On February 4, 2011, this Court issued an Order requiring the Runsdorf claimants to produce "all expert reports not later than March 18 201, and all documents that will be referred to in any expert report not later than February 18, 201 1 ." (Exhibit L). *Admit.*

44. Subsequent to the February 4, 2011 order, the Runsdorf claimants produced three productions of financial documents, however most were duplicative of the financial documents previously produced and NYRA and the Boathouse made further requests for financial documents, particularly for those documents relied on by Mr. Shulman in his report. (Exhibit M). *Admit.*

45. The Runsdorf claimants then made three additional productions, again mostly duplicative, but containing approximately 250 additional documents. (Exhibit N). *Admit to three additional productions.*

46. With a single exception — the 2008 tax returns of Nina, Katherine and Alexa Runsdorf (Exhibit 0) the Runsdorf claimants produced no documentation concerning Jim Runsdoris interests/business deals or hedge funds relating to their performance from 2006 forward, which could provide insight into

claims for loss of income or lost inheritance. *Admit the production of 2008 tax returns.*

47. The 2008 tax returns for Nina. Katherine and Alexa Runsdorf show that certain investments and ventures in which Jim Runsdorf held an interest prior to his death, are now under the ownership of his wife and daughters. (Exhibit 0). *Claimants cannot admit or deny, as this request is vague and subject to expert interpretation.*

48. Further, certain investments now under ownership of Nina, Katherine and Alexa Runsdorf, continue to produce returns, and in certain circumstances, appear to have spawned other ventures which are now also in the ownership of the Runsdorf claimants. (Exhibit 0). *Claimants cannot admit or deny, as this request is vague and subject to expert interpretation.*

*49.* Documentary evidence of the performance of Jim Runsdorf s investments and business ventures in the years since his death does exist, according to the testimony of Nina Runsdorf during her deposition on July 25 2011. Ms. Runsdorf testified during she has continued to review and tile tax returns and to monitor her husband's share of the investments, leases, and mortgages he held at the time of his death. (Exhibit P).*Admit that Nina Runsdorf testified as indicated in the second sentence of this request.*

Dated: November 4, 2011

                                                Respectfully submitted,

*Marc Jay Bern*

Marc Jay Bern (MB 6608)
Jacob Shisha (JS 5452)

Napoli Bern Ripka Shkolnik, LLP
350 5th Avenue, Suite 7413
NY, NY 10118

Tabak Mellusi & Shisha LLP'
29 Broadway, Suite 2311
NY,NY 10006