MARC JAY BERN
Napoli, Bern, Ripka, LLP
350 Fifth Avenue, Suite 7413
New York, NY 10118

JACOB SHISHA
Tabak, Mellusi & Shisha LLP
29 Broadway, Suite 2311
New York, NY 10006

ATTORNEYS FOR NINA AND LEE RUNSDORF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In the Matter of the Complaint
Of ANDREW HARNETT                                                    Docket No.: 06-cv-0699
(LMM)
In the Matter of Peter J.
Sharp Boathouse, Inc.                                                Docket No.: 06-cv-3061
(LMM)

In the Matter of New York Rowing
Association, Inc.                                                    Docket No.: 06-cv-3062
(LMM)

And a fourth related case


-----------------------------------------------------------------X

### RUNSDORF CLAIMANTS' MEMORANDUM IN OPPOSITION TO NEW YORK ROWING ASSOCIATION, INC. AND PETER J. SHARP BOATHOUSE MOTION IN LIMINE TO PRECLUDE CLAIMS FOR LOST EARNINGS AND LOST INHERITANCE

Of Counsel:
Marc Jay Bern
Jacob Shisha

Napoli Bern Ripka Shkolnik, LLP
350 5th Avenue, Suite 7413
NY, NY 10118

Tabak Mellusi & Shisha LLP'
29 Broadway, Suite 2311
NY,NY 10006

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………..iii

PRELIMINARY STATEMENT……………………………………………………….1

ARGUMENT……………………………………………………………...……………1

POINT I –THE RUNSDORF CLAIMANTS HAVE PRODUCED MEANINGFUL EVIDENCE OF RUNSDORF'S DAMAGES AND THUS, HAVE COMPLIED WITH THE FEDERAL RULES AND THIS COURT'S ORDER……………..…………………1

POINT II- THE RUNSDORF CLAIMANTS HAVE NOT WILLFULLY FAILED TO COMPLY WITH THIS COURT'S ORDER………………………………………..……..3

POINT III- RUNSDORF CLAIMANTS' EXPERT, MR. SHULMAN, SHOULD NOT BE PRECLUDED UNDER DAUBERT………………………………………….……5

CONCLUSION…………………………………………………………………...…..6

# TABLE OF AUTHORITIES

## CASES

*A.F.C. Enterprises Inc. v. New York City School Construction Authority,*
822 N.Y.S.2d 775 (2006) .................................................................................. 2

*Amorgianos v. National Railroad Passenger Corp.,*
303 F.3d 256 (2d Cir. 2002) .......................................................................... 2, 3

*Boucher v. U.S. Suzuki Motor Corp.,*
73 F.3d 18 (2d Cir. 1996) ................................................................................. 6

*Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.,*
602 F.2d 1062 (2d Cir. 1979) ........................................................................... 4

*Guzetti v. City of New York,*
32 A.D.3d 234 (2006) ...................................................................................... 2

*John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.,*
845 F.2d, 1172 (1988) ...................................................................................... 3

*Joel Paull v. Charles J. Sellers & Company, Inc.,*
744 N.Y.S.2d 95 (2002) ................................................................................... 2

*Knic Knac Agencies v. Masterpiece Apparel, Ltd, et al.,*
1999 WL 156379, 5 (S.D.N.Y. 1999) ........................................................... 3, 4

*Lippe v. Bairnco Corp.,*
288 B.R. 678 (S.D.N.Y. 2003) ......................................................................... 5

*Williams v. Hernandez,*
2004 WL 2793198 (S.D.N.Y. 2004) ................................................................ 4

## PRELIMINARY STATEMENT

Mr. Runsdorf was an experienced real estate professional and investor intimately involved with high-end real estate transactions. Mr. Runsdorf was heading into his most productive years of earnings, and would have been able to capitalize on his in-depth knowledge of the real estate market and investing, along with his real estate opportunities, funding resources and persons influential and knowledgeable in the field of commercial real estate.

On March 18, 2011, the Runsdorf Claimants submitted the Report of expert witness Stephen Shulman, which provided his estimate the economic pecuniary losses that Nina Runsdorf and her minor children are expected to experience as a result of the wrongful death of Mr. James Runsdorf. This estimate was approximately $20 Million and did not consider pain, suffering, grief, sorrow, mental anguish, loss of consortium and loss of guidance to his children.

The Runsdorf claimants have fully complied with the Federal Rules and this Court's order requiring production of financial documentation and expert report(s). The Runsdorf's financial expert report is not based on speculation, but on the historical earnings of Jim Runsdorf.

## ARGUMENT

**POINT I: THE RUNSDORF CLAIMANTS HAVE PRODUCED MEANINGFUL EVIDENCE OF RUNSDORF'S DAMAGES AND THUS, HAVE COMPLIED WITH THE FEDERAL RULES AND THIS COURT'S ORDER**

The Runsdorf claimants complied with this Court's order by producing an expert report, which was produced by an accredited CPA, and by producing all documents, which were used in the expert report.

1

Petitioners requested documentation of the damages at issue, and this Court, on February 4, 2011, issued an Order requiring the Runsdorf claimants to produce "all expert reports not later than March 18, 2011, and all documents that will be referred to in any expert report not later than February 18, 2011." This Court, however, *did not make a list of specific documents, which the Runsdorf claimants must produce*. There must be no sanction for noncompliance with discovery order when there was ambiguity in the court orders as to what documents were to be produced. See *Joel Paull v. Charles J. Sellers & Company, Inc*, 744 N.Y.S.2d 95, 96 (the court denied sanctioning an insurer for failing to turn over 'litigation files,' which had never defined by trial court).

Regardless, on March 18, 2011, the Runsdorf claimants did produce an expert report, which was produced by an accredited CPA. The Runsdorf claimants also produced all documents that were discussed in the expert report.

Petitioners, however, argue that the Runsdorf claimants disregarded the federal rules and this court's order because they failed to produce meaningful evidence of the decedent's investments and ventures post death. As long as the Runsdorf claimants substantially complied with this Court's order by producing all meaningful evidence of their documents based an accredited expert's report, Defendant's mere dissatisfaction does not establish the Runsdorf claimants' noncompliance. See *A.F.C. Enterprises, Inc., v. New York City School Construction Authority*, 822 N.Y.S.2d 775, 775 (the court declined to sanction the plaintiff when the plaintiff substantially complied with discovery requests) *Guzetti v. City of New York*, 32 A.D.3d 234, 234 (the court denied plaintiff's motion to strike the City's answer when there has been substantial compliance by the City with the court-ordered discovery requirements).

The Petitioners cited the Amorgianos case where the court held that any step that renders the analysis unreliable under the Daubert factors renders the expert's testimony inadmissible. 303 F.3d 256, 265.  However, the Amorgianos court also stated that a minor flaw in an expert's reasoning or a slight modification of an otherwise reliable method will not render an expert's opinion per se inadmissible. Id. at 267.  This court stated that the judge should only exclude the *evidence if the flaw is large enough that the expert lacks good grounds for his or her conclusions*. Id. Petitioners would not be able to prove such large flaw to invoke Shulman's opinion inadmissible. Moreover, that case is distinguishable from ours because the Amorgianos court discussed analytical gaps between two physicians' conclusions.

While Petitioners would disagree with the Runsdorf claimants' expert's analysis, such mere disagreement between Petitioners and the expert does not establish the Runsdorf claimants' non-compliance with Federal Rules and this Court's order.

**POINT II: THE RUNSDORF CLAIMANTS HAVE NOT WILLFULLY FAILED TO COMPLY WITH THIS COURT'S ORDER.**

Furthermore, the Runsdorf claimants have not willfully failed to comply with this Court's order. Although a court has wide discretion in imposing sanctions when a party fails to obey an order or to provide or permit discovery, the sanctions imposed must be just. Severe sanctions are justified when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable. *See Knic Knac Agencies v. Masterpiece Apparel, Ltd, et al.*, 1999 WL 156379, 5 (S.D.N.Y.)).

3

In this state, courts impose severe sanctions to a party who failed to provide discovery if the party had disregarded court orders repetitively. *See John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d, 1172, 1177 (dismissal of third party action was appropriate where third party plaintiff failed to produce any meaningful discovery regarding its damages, despite three court orders, which included two warnings); *Cine Forty-Second St. Theatre Corp, v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979) (preclusion of evidence relating to damages was warranted where plaintiff had frozen the litigation in the discovery phase for nearly four years).

Moreover, courts of this state hold that a party disregarded its discovery order when the party failed to produce evidences, which were specified in its order. *See Knic Knac Agencies v. Masterpiece Apparel, Ltd, et al.*, 1999 WL 156379, 4 (S.D.N.Y.))(the court specifically ordered Plaintiff to produce all documents indicating that plaintiffs had presented the banks with inspection certificates and other original documents required for payment under the L/Cs.); *Williams v. Hernandez*, 2004 WL 2793198, 3 (S.D.N.Y.)) (the court specifically ordered Plaintiff to produce Plaintiff's medical history).

In this case, this Court has not ordered the Runsdorf claimants to produce any specified documentations, and there was no repetition of failure of compliance of this Court's order. Even if this court finds the Runsdorf claimants have failed to produce meaningful evidence of their arguments, the Runsdorf claimants should not be sanctioned because they have not willfully failed to comply with this Court's orders.

Lastly, there is *no dispute* that the Runsdorf Claimants did not produce documentation from 2005-2010 (with the exception of the 2008 tax return). These documents were not produced because they were not relevant, since Mr. Runsdorf was

4

deceased. The Petitioners entire claim is based upon the fact that Mr. Runsdorf had the ability to generate funds based on his personal services, therefore, tax returns or tax related documents after 2005 are not relevant.

**POINT III- RUNSDORF CLAIMANTS' EXPERT, MR. SHULMAN, SHOULD NOT BE PRECLUDED UNDER DAUBERT**

As amended in 2000, Rule 702 set forth three admissibility requirements for expert testimony: (1) it must be based upon "sufficient facts or data"; (2) it must be the "product of reliable principles and methods"; and (3) the witness must have "applied the principles and methods reliably to the facts of the case". Fed.R.Ev. 702, see also Lippe v. Bairnco Corp., 288 B.R. 678, 685 (S.D.N.Y. 2003). Shulman's report is based on sufficient facts and data as evidenced in paragraph 28 of the Shulman report, where he relied on tax documents, including (but not limited to) income tax returns and K-1's received from various investment partnerships and Sub S Corporations. *See Exhibit "1".* Shulman's testimony also is the product of reliable principles and methods, as the analysis was on a cash basis that represented the actual realization of his professional earnings. Id. at paragraph 29. Other reliable methods used included the U.S. Department of Labor Bureau of Labor Statistics, Consumer Price Index, and life expectancy tables. Id. at paragraphs 31, 35. Lastly, one example of how the principles and methods were reliably applied to the facts of the case through "loading the historical tax return information actually filed with the IRS...substituting taxable net fees...substituting for each year's realized capital gains from real estate projects...running the BNA tax planning software...determining what portion of the tax was related to the ordinary income that included the substituted Proforma Fee Income...then dividing the tax

5

allocated for the Proforma Ordinary Income by the total Proforma Ordinary Income for each year to determine each year's effective tax rate on Proforma Ordinary Income". Id. at paragraph 39.

Petitioners attempt to persuade this Court with the Boucher case, where the court held that the expert's projection based on assumptions about Boucher's employment prospects should not be admissible, because the expert assumed that Boucher would work full time for the rest of his career *despite his* sporadic employment history. 73 F.3d 18, 22 (2d Cir. 1996). However, in our case, Runsdorf was an accredited real estate investor who did not work sporadically; in fact, his professional skills enabled him to continue to work consistently. Therefore, Petitioners reliance on this case is displaced.

As a result, Mr. Shulman report and testimony fall well within the Daubert standards, and are accordingly admissible.

## CONCLUSION

While Petitioners would disagree with the Runsdorf claimants' expert's analysis, such disagreement does not establish the Runsdorf claimants' non-compliance with Federal Rules and this Court's order. In this case, this Court has not ordered the Runsdorf claimants to produce any specified documentations, and there was no repetition of failure of compliance of this Court's order. Even if this court finds the Runsdorf claimants have failed to produce meaningful evidence of their arguments, the Runsdorf claimants should not be sanctioned because they have not willfully failed to comply with this Court's orders. Finally, Mr. Shulman report and testimony fall well within the Daubert standards.

Petitioners Motion *in Limine* should be denied in its entirety.

Dated: November 4, 2011

                        Respectfully submitted,

                        */s/ Marc Jay Bern*

                        Marc Jay Bern (MB 6608)
                        Jacob Shisha (JS 5452)

                        Napoli Bern Ripka Shkolnik, LLP
                        350 5th Avenue, Suite 7413
                        NY, NY 10118

                        Tabak Mellusi & Shisha LLP'
                        29 Broadway, Suite 2311
                        NY,NY 10006

7