Lawrence B. Brennan (LB 4078)
Brooke Travis (BT 2355)
Abigail Nitka (AN 8780)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
Attorneys for NEW YORK ROWING ASSOCIATION, INC. and
PETER J. SHARP BOATHOUSE, INC.
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

In the Matter of the Complaint of Andrew Harnett, as owner
of vessel M/V READY JET GO for Exoneration from or
Limitation of Liability.

       and

In the Matter of Peter J. Sharp Boathouse, Inc., as owner
of the floating vessel constituting the boathouse, seeking
exoneration from or limitation of liability.

       and

In the Matter of New York Rowing Association, Inc.,
as owner of a 2001, coxless Empacher rowing shell,
seeking exoneration from or limitation of liability.

------------------------------------------------------------------------X

1:06-cv-00699(LMM)(GWG)
**consolidated with:**
1:06-cv-03061(LMM)(GWG), and
1:06-cv-03062(LMM)(GWG)

**MEMORANDUM OF LAW IN RESPONSE TO
PETITIONER ANDREW HARNETT'S
MOTION FOR SUMMARY JUDGMENT
ON BEHALF OF
NEW YORK ROWING ASSOCIATION, INC. and
<u>PETER J. SHARP BOATHOUSE, INC.</u>**

**PRELIMINARY STATEMENT**

Petitioners, New York Rowing Association, Inc. ("NYRA" or "the Rowing Association") and Peter J. Sharp Boathouse, Inc. ("the Boathouse") respectfully submit this Memorandum of Law in Response to Petitioner Andrew Harnett's motion for summary judgment.

Petitioners NYRA and the Boathouse take no position as to Petitioner Harnett's motion for summary judgment. Petitioners, however, question the details of some of the factual issues which, if a trial remains necessary, may be in dispute. NYRA and the Boathouse do not believe any of these factual "disputes" could constitute genuine questions of material fact so as to preclude summary judgment at this time.

**FACTS**

In response to Petitioner Harnett's Rule 56.1 Statement, Petitioners NYRA and the Boathouse question the following:

1.  The length of the rowing shell is in dispute, the shell measures 12.89 meters or 42.3 feet. The length of 45 feet is an approximate length which the parties have adopted. The more precise figure of 42.3 feet is based on measurements of the shell. (Report of John Riley, p. 7).

12.  There is a dispute about the location of the vessels at the time of the collision. The collision occurred near the center of the channel. In any event, the site of the collision was not near the Bronx side of the river.

20.  While there was no marked speed restriction on the section of the Harlem River where the collision occurred, Inland Navigational Rules, Rule 6 requires that vessels shall at all

1

times proceed at a safe speed so that they can take proper and effective action to avoid collision and be stopped within a distance appropriate to the prevailing circumstances and conditions.

21.     This statement is unintelligible. NYRA and the Boathouse, however, accept for the purpose of these motions that Mr. Harnett and his vessel, READY JET GO, transited about 10 to 13 miles from the Piermont Marina to the site on the Harlem River of the fatal collision with the rowing shell being operated by Mr. Runsdorf. The time of that transit or voyage from Piermont to the collision site, south of the Boathouse on the Harlem River, was about 45 minutes. None of the eyewitnesses, Harnett and his passenger Richard Brady, or the survivors from the rowing shell, Houston, Joyce, Lundwall, reported that their visibility was impeded that morning.

Dated:      New York, New York
            November 22, 2011

                                    Respectfully Submitted,

                                    WILSON, ELSER, MOSKOWITZ,
                                    EDELMAN & DICKER LLP

                                    By: /s/ Lawrence B. Brennan
                                    Lawrence B. Brennan (LB4078)
                                    *Attorneys for New York Rowing Association, Inc.*
                                    and *Peter J. Sharp Boathouse, Inc.*
                                    150 East 42nd Street
                                    New York, New York 10017-5639
                                    (212) 490-3000

Of Counsel:

Lawrence B. Brennan (LB 4078)
Brooke Travis (BT 2355)
Abigail Nitka (AN 8780)

## CERTIFICATE OF SERVICE

I, Brooke Travis, hereby certify that I electronically filed the attached Memorandum of Law in Response to Petitioner Andrew Harnett's Motion for Summary Judgment on behalf of Peter Jay Sharp Boathouse, Inc. and New York Rowing Association, Inc., with the Clerk of the Court using the CM/ECF system which will send notification of such filing electronically to the following:

Marc Jay Bern, Esq.
Marina Zapantis, Esq.
Napoli Bern Ripka Shkolnik LLP
*Attorneys for the Runsdorf Claimants*
350 5th Ave., Ste. 7413
New York, New York  10118

James E. Mercante, Esq.
Michael Evan Stern, Esq.
Rubin, Fiorella & Friedman, LLP.
*Attorneys for Mr. Andrew Harnett*
292 Madison Avenue, 11th Fl.
New York, New York  10017

Jacob Shisha, Esq.
Tabak, Mellusi & Shisha
*Attorneys for the Runsdorf Claimants*
29 Broadway
New York, New York  10006

/s/  Brooke Travis

4829031v.1