Lawrence B. Brennan (LB 4078)
Brooke Travis (BT 2355)
Abigail Nitka (AN 8780)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
Attorneys for NEW YORK ROWING ASSOCIATION, INC. and
PETER J. SHARP BOATHOUSE, INC.
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------X
In the Matter of the Complaint of Andrew Harnett, as owner of
vessel M/V READY JET GO for Exoneration from or
Limitation of Liability.

and

In the Matter of Peter J. Sharp Boathouse, Inc., as owner of
the floating vessel constituting the boathouse, seeking
exoneration from or limitation of liability.

**1:06-cv-00699(LMM)(GWG)**
**consolidated with:**
**1:06-cv-03061(LMM)(GWG), and**
**1:06-cv-03062(LMM)(GWG)**

and

In the Matter of New York Rowing Association, Inc., as
owner of a 2001, coxless Empacher rowing shell, seeking
exoneration from or limitation of liability.

--------------------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF
# MOTION *IN LIMINE* TO PRECLUDE THE EXPERT REPORT AND
# TESTIMONY OF HARRIET M. METCALF,
# ON BEHALF OF
# NEW YORK ROWING ASSOCIATION, INC. and
# <u>PETER J. SHARP BOATHOUSE, INC.</u>

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................................1

LEGAL ARGUMENT....................................................................................................................2

POINT I.    CLAIMANTS IMPLICITLY CONCEDE THAT MS.
            METCALF IS UNQUALIFIED TO PROVIDE AN
            EXPERT OPINION REGARDING THE CUSTOM AND
            PRACTICE OF ATTORNEYS AND SPOLIATION OF
            EVIDENCE....................................................................................................2

POINT II.   MS. METCALF'S OPINIONS ARE UNNECESSARY IN
            THIS MATTER .............................................................................................2

POINT III.  CLAIMANTS' OPPOSITION PAPERS ARE
            INADEQUATE AS A MATTER OF FACT AND LAW
            BECAUSE CLAIMANTS FAILED TO ESTABLISH
            THAT MS. METCALF'S REPORT AND OPINIONS
            ARE RELIABLE .........................................................................................3

            A.   Claimants Failed To Satisfy Their Burden of Proof.........................3

            B.   Ms. Metcalf is Unqualified as an Expert Because Her
                 Report and Anticipated Testimony Are Unsupported
                 Speculation.......................................................................................4

            C.   Ms. Metcalf is Unqualified to Render Opinions Because
                 They Are Based Upon the Routine Violation of Statutory
                 Law ..................................................................................................6

            D.   Ms. Metcalf Is Unqualified as an Expert Because She
                 Does Not Have The Necessary Experience and
                 Qualifications Regarding Operating a Boathouse............................7

CONCLUSION.............................................................................................................................10

CERTIFICATE OF SERVICE ....................................................................................................11

i

## TABLE OF AUTHORITIES

### CASES

*Boucher v. Suzuki Motor Corp.,*
   73 F.3d 18 (2d Cir. 1996) ............................................................................................... 6

*Calhoun v. Honda Motor Co.,*
   738 F.2d 126 (6th Cir. 1984) ......................................................................................... 5

*Daubert v. Merrell Dow Pharms.,*
   509 U.S. 579 (U.S. 1993).................................................................................................. 5

*Estate of Detwiler v. Offenbecher,*
   728 F .Supp. 103 (S.D.N.Y. 1989) ................................................................................. 4

*Giannullo v. City of New York,*
   322 F.3d 139 (2d Cir., 2003) .......................................................................................... 2

*Greater Buffalo Press, Inc. v. Federal Reserve Bank of New York,*
   86 F.2d 38 (2d Cir. 1989) ............................................................................................... 3

*In re Joint E. and S. District Asbestos Litigation,*
   756 F. Supp. 794 (S.D.N.Y. 1991), *rev'd on other grounds*, 964 F.2d 92 (2d
   Cir. 1992).......................................................................................................................... 3

*Interstate Towing Co. v. Stissi,*
   717 F.2d 752 (2d Cir. 1983), *opinion after remand*, 765 F.2d 370 (2d Cir.
   1985) .................................................................................................................................. 7

*Jackson v. Strong Mem'l Hospital,*
   2010 U.S. Dist. LEXIS 108555 (W.D.N.Y. October 12, 2010) ............................... 2

*Jeffreys v. City of New York,*
   426 F.3d 549 (2d Cir. 2005) ........................................................................................... 4

*Lippe v. Bairnco Corp.,* 288 B.R. 678, *686* (S.D.N.Y. 2003), *affirmed,*
   99 Fed. *Appx.* 274 (2d. Cir. 2004) ............................................................................... 8

*Matsushita Electric Industries Co., Ltd. v. Zenith Radio Corp.,*
   475 U.S. 574 (1986)..................................................................................................... 3, 4

*Mikeron v. Exxon Co., U.S.A.,*
   264 F. Supp. 2d 268 (D. Md. 2003)............................................................................... 8

*Montefiore Med. v. American Protection Ins. Co.,*
   2003 W.L. 21108232 at *2 (S.D.N.Y. May 14, 2003) ............................................... 9

*MTX Communications Corp. v. LDDS/WorldCom, Inc.,*
   132 F. Supp. 2d 289 (S.D.N.Y. 2001) ....................................................................... 5, 9

*Primavera Familienstifung v. Askin,*
   130 F. Supp. 2d 450 (S.D.N.Y. 2001) .......................................................................... 8

*Viterbo v. Dow Chem. Co.,*
   826 F.2d 420 (5th Cir. 1987) .......................................................................................... 5

ii

## STATUTES

33 U.S.C.S. §§2001-38 ................................................................................................................... 6

## RULES AND REGULATIONS

Notes of Advisory Committee. Fed. R. Evid. 702, 2000 Amendments) ........................................ 8

Fed. R. Evid. 703 ......................................................................................................................... 5

## PRELIMINARY STATEMENT

Petitioners, New York Rowing Association, Inc. ("NYRA" or "the Rowing Association") and Peter J. Sharp Boathouse, Inc. ("the Boathouse") ("sometimes collectively "Petitioners"), respectfully submit this Reply Memorandum of Law in further support of their motion *in limine* to preclude the expert report and anticipated testimony of Harriet M. Metcalf on behalf of the Runsdorf claimants.

The Runsdorf Claimants failed to meet their burden to avoid preclusion of the expert report and testimony of Ms. Metcalf.  First, Claimants have conceded that Ms. Metcalf is unqualified to render her opinions regarding spoliation by entirely failing to respond to the arguments presented in our moving memorandum.  Second, based on facts admitted by Claimants, Ms. Metcalf's report and testimony are completely unnecessary. Further, there is a complete lack of evidence to support Claimants' arguments that Ms. Metcalf is qualified to testify as an expert with respect to boathouse standards.  While she is a qualified rower and coach, Ms. Metcalf is not qualified to testify with respect to the standards regarding how to run a boathouse.  Ms. Metcalf's opinions on such standards are merely *ispe dixit*.  Neither Claimants, nor Ms. Metcalf in her report and declaration, put forth any evidence to corroborate her unfounded contentions.  Simply put, all Ms. Metcalf's report and declaration do is put forth her interpretation of NYRA and the Boathouse's conduct.  Ms. Metcalf fails to rely on any law, rule, regulation or treatise in reaching her conclusions.  Rather, she alone is the sole authority for her conclusions.  As such, this Court should preclude Ms. Metcalf's report as prejudicial evidence which is not relevant and further preclude any testimony at trial.

1

## LEGAL ARGUMENT

**POINT I.**   **CLAIMANTS IMPLICITLY CONCEDE THAT MS. METCALF IS UNQUALIFIED TO PROVIDE AN EXPERT OPINION REGARDING THE CUSTOM AND PRACTICE OF ATTORNEYS AND SPOLIATION OF EVIDENCE**

Claimants completely failed to respond to NYRA and the Boathouse's argument that Ms. Metcalf is unqualified to render an opinion about the proper actions of an attorney or spoliation issues. Indeed, such an opinion is beyond the purview for which she was retained. Claimants have completely failed to respond to this point at all. By failing to respond to this point, Claimants have conceded that Ms. Metcalf is not qualified in this respect. *See Jackson v. Strong Mem'l Hosp.,* 2010 U.S. Dist. LEXIS 108555, 3-4 (W.D.N.Y. October 12, 2010) (holding that since plaintiff's proposed opposition papers did not controvert or attempt to controvert the facts set forth by the defendant they were are deemed admitted for purposes of the motion).

*See also Giannullo v. City of New York,* 322 F.3d 139 (2d Cir., 2003) (holding that if the opposing party fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted). As such, the Boathouse and the Rowing Association respectfully submit that at a minimum, this portion of Ms. Metcalf's report as well as any testimony related to these issues should be precluded.

**POINT II.**   **MS. METCALF'S OPINIONS ARE UNNECESSARY IN THIS MATTER**

Claimants have admitted numerous facts which preclude, as a matter of law, liability from being placed upon NYRA or the Boathouse. For example, Claimants have already admitted that the Boathouse and NYRA made available lights. *See Runsdorf Claimants' Memorandum in Opposition to Peter J. Sharp Boathouse, Inc. and New York*

2

*Rowing Association, Inc.'s Motion For Partial Summary Judgment,* p. 8 fn.3 ("It is clear that when the rules referred to lights they refer to the running lights, not flashlights. As shown in Exhibit 9 the lights that were purchased by the boathouse were running lights not flashlights.") In addition, Ms. Metcalf, specifically refers to the number of lights ordered and supplied by NYRA, further proving that NYRA and the Boathouse supplied lights. *See Claimants Opposition to Partial Summary Judgment* p. 10 and Ex.I. p 5. Further, Claimants recognized that the rowers were aware of the necessity to use a light. As such, Ms. Metcalf's opinions that NYRA and the Boathouse failed to provide the rowers with safety regulations, failed to make sure they were aware of the regulations, failed to enforce the regulations, and failed to provide lights not only lack any factual basis, they are rebutted by Claimants own admissions. Thus, her opinions and anticipated testimony are unnecessary in this matter.

## POINT III.   CLAIMANTS' OPPOSITION PAPERS ARE INADEQUATE AS A MATTER OF FACT AND LAW BECAUSE CLAIMANTS FAILED TO ESTABLISH THAT MS. METCALF'S REPORT AND OPINIONS ARE RELIABLE

### A.   Claimants Failed To Satisfy Their Burden of Proof

Once the movant demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-moving party to establish the existence of a genuine factual dispute. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986); *Greater Buffalo Press, Inc. v. Fed. Reserve Bank of New York*, 86 F.2d 38 (2d Cir. 1989); *Lotte Trading (N.Y.), Inc. v. Oh*, 1989 W.L. 1303 at *1 (S.D.N.Y., Jan 4, 1989). To demonstrate that there is a genuine issue of material fact, a party must show that there exists more than a metaphysical doubt as to the facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *In re Joint E. and S. Dist.*

3

*Asbestos Litig.*, 756 F. Supp. 794 (S.D.N.Y. 1991), *rev'd on other grounds*, 964 F.2d 92 (2d Cir. 1992).

If the factual context of a case renders the non-moving party's position implausible, the non-moving party must come forward with more persuasive evidence to support its position than would otherwise be required. *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 587; *Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir. 2005) (non-moving party's testimony so "replete with inconsistencies and improbabilities" that no reasonable jury would undertake the suspension of disbelief necessary to credit the allegations made in his complaint); *Estate of Detwiler v. Offenbecher*, 728 F .Supp. 103, 136 (S.D.N.Y. 1989).

Claimants have failed to prove that Ms. Metcalf is qualified to render her opinions regarding the operation of a boathouse. The reason for this is simple: Ms. Metcalf is not qualified because has never actually been primarily responsible to run a boathouse. Ms. Metcalf's expert report outlining the standards for a boathouse is nothing more than *ipse dixit*. In fact, Ms. Metcalf does not cite to any accepted standard including legal or factual to support any of the conclusions reached in her report. Instead, she merely holds herself out as an expert on matters in which she has no experience.

**B.    Ms. Metcalf is Unqualified as an Expert Because Her Report and Anticipated Testimony Are Unsupported Speculation.**

Ms. Metcalf's opinions are nothing more than her own personal beliefs and opinions. In order to reach her conclusions, Ms. Metcalf relies only on her own unsubstantiated beliefs. She at no time references any regulations, rules, text, scholars, or authority, which support her opinions. Simply stated, Ms. Metcalf's *post-hoc* report is

4

simply "Metcalf on the operation of a boathouse". There is no evidence submitted by Claimants to corroborate Ms. Metcalf's opinions: the evidence cited in support of her conclusions is insufficient to meet Claimants' burden of proof. The Court must first determine whether her proffered testimony rests on a reliable foundation -- that is, whether his testimony is "more than subjective belief or unsupported speculation." *MTX Communications Corp. v. LDDS/WorldCom, Inc.*, 132 F. Supp. 2d 289, 291 (S.D.N.Y. 2001) citing to *Daubert v. Merrell Dow Pharms.,* 509 U.S. 579, 590 (U.S. 1993). In this matter, it is abundantly clear that Ms. Metcalf's testimony is exactly that: subjective belief and unsupported speculation.

Ms. Metcalf would not testify on the basis of the collective view of the rowing community, nor do Claimants even attempt to proffer any evidence that would demonstrate that her opinions regarding the operations of a boathouse are supported. In fact, no basis other than her own post-hoc speculation and belief are provided in support of Ms. Metcalf's opinions. Personal opinion, not reference to law, or rule, or treatise, or text, or even expertise, is put forth here. Thus, Ms. Metcalf's opinions are inadmissible. Fed. R. Evid. 703; *see also Viterbo v. Dow Chem. Co.,* 826 F.2d 420, 423-24 (5th Cir. 1987) (physician's unsupported personal opinion of causation held inadmissible), *Calhoun v. Honda Motor Co.,* 738 F.2d 126, 131-32 (6th Cir. 1984)(expert testimony must be based on the evidence, so as to be removed from the "realm of guesswork and speculation"). For this reason alone, Ms. Metcalf's report and anticipated testimony should be barred.

5

**C.    Ms. Metcalf is Unqualified to Render Opinions Because They Are Based Upon the Routine Violation of Statutory Law**

In addition to Ms. Metcalf's opinions being purely *ipse dixit,* her opinions contradict long-standing statutory law regarding the use of lights.  In her capacity as a coach of various rowing associations, it is conceded that Ms. Metcalf's custom and practice was to routinely violate the statutory law requiring lights. (33 U.S.C.S. §§ 2001-38).  As the Second Circuit has admonished, "[e]xpert testimony should be excluded if it is speculative or conjectural, or if it is based on assumptions that are so unrealistic and contradictory as to suggest bad faith or to be in essence an apples and oranges comparison . . . [.]"(internal marks omitted). *Boucher v. Suzuki Motor Corp.,* 73 F.3d 18, 21 (2d Cir. 1996).

Claimants contend that Ms. Metcalf's opinion is based on sufficient facts and is reliable because testimony of limited custom and practice she claims to have observed is admissible.  Specifically, Ms. Metcalf "compared the custom and practices and operation of the numerous boathouses and rowing programs, to the operations of the Peter J. Sharp Boathouse.  She determined that they fell short and did not comport to custom, practice and accepted standards regarding the safe operation of a boathouse." *See Runsdorf Claimants' Memorandum in Opposition to Peter J. Sharp Boathouse, Inc. and New York Rowing Association, Inc.'s Motion In Limine to Exclude the Testimony of Harriet Metcalf,* p. 3.

Meanwhile, however, the custom and practice relied upon by Ms. Metcalf clearly violated the Inland Rules – a long standing safety statute.  More specifically, Ms. Metcalf opines that the custom and practice of the boathouses and rowing associations she

6

worked with routinely did not use lights while rowing in the dark violates Rule 25 of the

Inland Rules.  Any reliance upon the contentions contained in Ms. Metcalf's report or her

anticipated testimony would invite the Court to rely on inaccurate and contradictory legal

standards. *Interstate Towing Co. v. Stissi,* 717 F.2d 752, 754 (2d Cir. 1983), *opinion after*

*remand,* 765 F.2d 370 (2d Cir. 1985).

**D.      Ms. Metcalf Is Unqualified as an Expert Because She Does Not Have
         The Necessary Experience and Qualifications Regarding Operating a
         Boathouse.**

Even if Ms. Metcalf's opinions were based on appropriate standards and

supported views, Claimants have not offered sufficient evidence that Ms. Metcalf is

qualified to testify as an expert regarding the operation and management of a boathouse.

Claimants suggest that Ms. Metcalf is qualified to render her opinions based on her

"executive director responsibilities" as the head of various rowing programs.  (Claimants'

Opposition to Motion *in Limine* to Exclude Testimony of Harriet Metcalf, pp. 2-3).

Claimants assert, without providing any support or corroboration, that the coaches of

these organizations "operate the boathouses and are responsible for implementation and

enforcement of the boathouse rules and regulations."  (*Id.*,  p. 3).  Thus, they claim that

because Ms. Metcalf was in charge of implementing safety programs and rules for rowing

programs, she has not only the experience but also the expertise necessary to opine on the

standard of care and custom and practice for the operation of a boathouse.  (*Id.*, pp. 4-5).

Moreover, Claimants contend that in the academic community, coaches act as the

directors of the boathouse. (*Id.,*  p. 5).   Thus, Claimants exclusively rely upon her

experience as director or various boathouses to assert she has the expertise to testify as an

expert in this matter.  That conclusion, however, is completely unfounded.

7

Claimants' arguments do not satisfy the test for expert testimony in this Circuit. "[A]n expert basing his opinion solely on experience 'must do more than aver conclusorily that his experience led to his opinion,' and he must do more than 'propound a particular interpretation of [a party's] conduct,'" *Lippe v. Bairnco Corp.*, 288 B.R. 678, *686* (S.D.N.Y. 2003), *affirmed*, 99 Fed. *Appx.* 274 (2d. Cir. 2004) (quoting *Primavera Familienstifung v. Askin*, 130 F. Supp. 2d 450, 530 (S.D.N.Y. 2001)). This, however, is all that Ms. Metcalf has done in her report and newly submitted declaration. "[A]n expert who is relying 'solely on experience . . . must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" *Lippe*, 288 B.R. at *686* (*quoting* Notes of Advisory Committee. Fed. R. Evid. 702, 2000 Amendments); *see also Mikeron v. Exxon Co., U.S.A.* 264 F. Supp. 2d 268, 274 (D. Md. 2003). Claimants attempt to establish that Ms. Metcalf's experience assisted her in reaching her conclusions and qualifying her as an expert regarding the actions of the Boathouse. To the contrary, all Claimants have done is further demonstrate that Ms. Metcalf's opinions are merely speculative and unfounded, thus rendering Ms. Metcalf unqualified to provide an expert opinion and testimony on running a boathouse.

By way of example, Ms. Metcalf failed to explain how her experience leads to her overly broad and unsupported statements regarding the operation of the Boathouse. Ms. Metcalf failed to indicate how her experience as the executive director of various rowing organizations were at all similar to those responsibilities placed upon an executive director of a boathouse involved with Master's rowing programs. Further, Ms. Metcalf's experience is almost strictly confined to academic communities, youth programs, and

novice programs where the duties and inexperience are greater. Academic learning environments and novice programs are unlike a master's program, and youth programs are even more different. While Ms. Metcalf has extensive rowing experience as an Olympian and as a coach for rowing organizations and may have also assisted with the boathouses used during her coaching periods, such limited circumstances cannot be equated to a situation in which master rowers are utilizing a boathouse. This is a prime example of the type of "apples and oranges comparison" which is not permitted by an expert. *MTX Communications Corp.,* 132 F. Supp. 2d at 291 (S.D.N.Y. 2001). Also, the absence of any reliance or citation to other sources, law, treatises, texts, or recognized experts demonstrates the shallowness of Ms. Metcalf's experience as a director of a boathouse.

This Court has further held that a witness's personal experience alone may not be sufficiently broad enough to be indicative of the relevant broad industry practices at the pertinent time. *Montefiore Med. v. Am. Protection Ins. Co.,* 2003 W.L. 21108232 at *2 (S.D.N.Y. May 14, 2003). Claimants failed to demonstrate that Ms. Metcalf's experience alone is broad enough to allow her to be an expert regarding the operations of a boathouse. Ms. Metcalf's declaration indicates that she coached a program which offered a single five day training program for master rowers. *See* Declaration of Harriet Metcalf attached to Claimants' Opposition to Motion in Limine to Exclude Testimony of Harriet Metcalf, p. 2. Such experience is insufficient to serve as the basis for an expert opinion regarding the appropriate actions of the Boathouse with respect to educating and informing master rowers such as Jim Runsdorf who rowed for decades. As such, it is equally obvious that Ms. Metcalf's background and experience is also not sufficiently

9

## **CONCLUSION**

For these reasons, it is respectfully requested that the Court preclude from introduction at trial the testimony and report dated March 10, 2011 of Claimants' rowing expert, Harriet M. Metcalf.

Dated: New York, New York
       November 22, 2011

Respectfully Submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
Lawrence B. Brennan (LB4078)
*Attorneys for New York Rowing Association,*
*Inc. and Peter J. Sharp Boathouse, Inc.*
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000

Of Counsel:

Lawrence B. Brennan (LB4078)
Brooke Travis (BT 2355)
Abigail Nitka (AN 8780)

## CERTIFICATE OF SERVICE

I, Brooke Travis, hereby certify that I electronically filed the attached Memorandum of Law on behalf of Peter Jay Sharp Boathouse, Inc. and New York Rowing Association, Inc., with the Clerk of the Court using the CM/ECF system which will send notification of such filing electronically to the following:

Marc Jay Bern, Esq.
Marina Zapantis, Esq.
Napoli Bern Ripka Shkolnik, LLP
*Attorneys for the Runsdorf Claimants*
350 5th Ave., Ste. 7413
New York, New York  10118

James E. Mercante, Esq.
Michael E. Stern, Esq.
Rubin, Fiorella & Friedman, LLP.
*Attorneys for Mr. Andrew Harnett*
292 Madison Avenue, 11th Fl.
New York, New York  10017

Jacob Shisha, Esq.
Tabak, Mellusi & Shisha
*Attorneys for the Runsdorf Claimants*
29 Broadway
New York, New York  10006

/s/  Brooke Travis

11